**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Contreras,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, et al.,<br><br>　　　　Defendants. | No. CV-05-4144-PHX-MHM (DKD)<br><br>**ORDER** |

On December 19, 2005, Plaintiff Joseph Contreras, formerly confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. This action is one of more than 1,000 lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1] The Court will call for an answer to Counts I, II, and III of the Complaint and dismiss Count IV.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

- 1 -

1  **I. Payment of Filing Fee**

2  Plaintiff did not initially pay the $250.00 filing fee but filed an uncertified Application
3  to Proceed *In Forma Pauperis*.  Upon being notified by Plaintiff that he was living at a
4  private address in Phoenix, the Court, by Order filed April 21, 2006 (Doc. #5), gave Plaintiff
5  30 days to either pay the $250.00 filing fee or file a response to the Order.

6  On May 18, 2006, Plaintiff paid the $250.00 filing fee.  Accordingly, the Court will
7  proceed to review the Complaint.

8  **II. Statutory Screening of Prisoner Complaints**

9  The Court is required to screen complaints or amended complaints brought by
10 prisoners seeking relief against a governmental entity or officer or employee of a
11 governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion
12 thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to
13 state a claim upon which relief may be granted, or that seek monetary relief from a defendant
14 who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

15 **III. Complaint**

16 Named as Defendants in the Complaint are: (1) Joseph Arpaio, Maricopa County
17 Sheriff; and (2) Maricopa County Board of Supervisors.

18 Plaintiff alleges four counts in his Complaint.  In Count I, Plaintiff claims that his
19 Fourteenth Amendment rights were violated by only being fed two meals a day that rarely
20 exceed 1,800 calories, lack protein, are full of fat, and include undercooked chicken, spoiled
21 lunch meats, rotten fruit, and moldy bread.

22 In Count II, Plaintiff claims that his Fourteenth Amendment rights were violated by
23 being housed in overcrowded conditions.

24 In Count III, Plaintiff claims that his Fourteenth Amendment rights were violated by
25 being housed in unsanitary conditions.

26 In Count IV, Plaintiff claims that his Fourteenth Amendment rights were violated
27 when he contacted "Syss" due to the negligence of medical staff and "Jail Facility" and when
28 he was given the wrong medication for his schizophrenia and bipolar condition and when he

was not given a lower bunk.

Plaintiff seeks monetary damages.

Plaintiff's allegations in Counts I, II, and III adequately state a claim, and the Court will require Defendants Joseph Arpaio and the Maricopa County Board of Supervisors to answer Counts I, II, and III of the Complaint.

**IV.  Failure to State a Claim**

In Count IV of the Complaint, Plaintiff claims that his Fourteenth Amendment rights were violated when he contacted "Syss" on his "Buttocks" due to the negligence of medical staff and "Jail Facility" and when he was given the wrong medication for his schizophrenia and bipolar condition and when he was not given a lower bunk.

To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, a mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

The indifference must be substantial. Estelle, 429 U.S. at 105-06.  The action must rise to a level of "unnecessary and wanton infliction of pain." Id. at 106.  Mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under 42 U.S.C. § 1983. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.

Because Plaintiff was a pretrial detainee at the time of the actions he complains of in the Complaint, the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment prohibition against cruel and unusual punishment, would apply to his medical claim. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).  However, in general, the Court borrows from Eighth Amendment

1  jurisprudence when analyzing the rights of pretrial detainees.  See Redman v. County of San
2  Diego, 942 F.2d 1435, 1443 (9th Cir. 1991); Cabrales v. County of Los Angeles, 864 F.2d
3  1454, 1461 n. 2 (9th Cir.1988) (subsequent history omitted).

4  Plaintiff's medical claims in Count IV fail to rise to the level of constitutional violations under the Eighth and Fourteenth Amendments.  At most Plaintiff's allegations amount to indifference or negligence which do not satisfy the deliberate indifference standard.  See Estelle, 429 U.S. at 105-06.  Moreover, Plaintiff has failed to link his claims in Count IV with the actions of either of the Defendants.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a viable constitutional claim under 42 U.S.C. § 1983, a plaintiff must show an affirmative link between the alleged injury and the conduct of an individual defendant).  Accordingly, Count IV of the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count IV of the Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

(2) Defendants Joseph Arpaio and Maricopa County Board of Supervisors **must answer** Counts I, II, and III of the Complaint.

(3) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Joseph Arpaio and Maricopa County Board of Supervisors.

(4) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed** as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal **must retain** the Summons, a copy of the Complaint (Doc. #1), and a copy of this Order for future use.

(7) The United States Marshal **must notify** Defendants of the commencement of this action and **request waiver of service of the summons** pursuant to Rules 4(d) and 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of

service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal **must**:

    (a) Personally **serve** copies of the Summons, Complaint (Doc. #1), and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(j)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, **file** the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal not the Plaintiff.**

(9) Defendants **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading **must state** the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

//
//
//

1  (11) This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules
2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3  DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge